### SONN v KEIPER, et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9702.  Decided June 10, 1929

Yetta Land and J. B. Oviatt, Cleveland, for Sonn.

Philipp Bartell, Cleveland, for Keiper.

**SULLIVAN, J.**

In order to determine whether a cause is appealable, it is necessary under the former judgments of this and other courts, to recur to the pleadings, for by them only is the question ascertainable. Relieving the pleadings of much redundancy and irrelevancy, the issues projecting therefrom are, personal judgment on the note, and foreclosure under the mortgage, and it is well settled that such a proceeding is not a chancery case but a suit at law, and the only issue, after stripping the answer and cross-petition to all material matter, is a denial of the allegations with respect to the note and mortgage, a counter-claim for which judgment is prayed as an offset against the note sued upon, and the pleadings of a defense by allegations of fraud, and from this status the issues are raised and it therefore appears clear under the authorities that the questions raised are jury issues as either party could have demanded a jury, but it appears that a jury was waived and the cause was tried to the court, but this does not alter the right of either party to have had a jury to try the issues of fact.

The off-set alleged by way of counter-claim discloses that what the cross-petitioner really seeks to do is to have a judgmen for damages rendered in its favor in money, because of breach of warranty and this element in the case does not transfer the issue to one in chancery. The cause remains a suit at law.

In the 30 OS. 375, **Brundridge v. Goodlove,** the court held that an action for money and personal judgment, even though equitable relief was also sought, is not appealable, and in **Ladd v James, 10 OS. 437; Realty Co. v. Tweedy 24 Cir. Ct. Rep (NS) 495; Lumber Co. v. Troxel, 10 Cir. Ct. (NS) 83; Toledo v. Barnes 8 Cir. Ct. 684,** there are the same holdings and the authorities are equally applicable to the offset of the defendants on the cross-petition by way of counter-claim. In other words, these authorities cited apply to the defendants' cross-petition as well as to the allegations of the petition.

It is conclusive from the cross-petition that the basis of the claim is defensive and not affirmative and although an accounting is asked for, it is irrelevant to the naked issues.

It will be noted that we are undertaking to solve this question from the pleadings alone for it is only from these sources that the question under discussion can be determined. While it is true that a petition may denote a law case purely and that it may be transformed into a case in chancery by reason of a cross-petition, yet we do not see such a situation in the present case, because the primary issue is whether the plaintiff is entitled to a money judgment for the amount claimed or for a lesser amount by reason of the counter-claim, and in either event the question is one of law instead of chancery.

Holding these views the motion to dismiss the appeal is hereby sustained.

Vickery, PJ and Levine, J, concur.